## TEMMINK ET AL. *v.* BOARD OF ZONING APPEALS FOR BALTIMORE COUNTY ET AL.

[No. 8, October Term, 1954.]

490

*Decided November 18, 1954.*

492

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*W. Lee Harrison,* with whom were *Michael Paul Smith* and *Douglas G. Bottom,* on the brief, for appellants.

*John J. Brennan,* with whom were *Charles W. Held, Jr.,* and *John W. Maguire,* on the brief, for appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Baltimore County affirming an order of the Board of Zoning Appeals of Baltimore County reclassifying a parcel of three acres of land at Catonsville in the residential development known as Colonial Gardens from an "A" Residence Zone to an "E" Commercial Zone.

The Baltimore County Zoning Enabling Act, enacted by the Maryland Legislature in 1941, authorized the County Commissioners of Baltimore County to adopt a comprehensive plan of zoning regulations and restrictions affecting the erection, alteration and use of buildings and land in Baltimore County for trade, residence, industry and other purposes. Laws 1941, ch. 247. In 1943 the Legislature amended the Act by authorizing the County Commissioners to make special exceptions to the provisions of the Zoning Regulations and providing for special permits for certain uses under the Zoning Regulations. Laws 1943, ch. 877.

On January 2, 1945, the County Commissioners, in pursuance of the authority delegated to them by the Legislature, adopted the Zoning Regulations dividing the county into seven zones, namely: "A" (Cottage)

Residence, "B" (Semi-detached) Residence, "C" (Apartment) Residence, "D" (Group) Residence, "E" Commerical, "F" Light Industrial, and "G" Heavy Industrial. *Oursler v. Board of Zoning Appeals of Baltimore County,* 204 Md. 397, 400, 104 A. 2d 568.

In 1945 the Legislature authorized the County Commissioners to vest in the Zoning Commissioner the power to amend, supplement or change from time to time the boundaries of the zoning districts, divisions or zones. Laws 1945, ch. 502, Baltimore County Code, 1948 Ed., sec. 366. The County Commissioners, in accordance with that authority, vested in the Zoning Commissioner the power to reclassify tracts of land.

On May 24, 1952, Colonial Gardens, Inc., owner of a tract of 65 acres of land fronting on Edmondson Avenue at Rolling Road and Old Frederick Road, petitioned the Zoning Commissioner to change the classification of the parcel in question from an "A" Residence Zone to an "E" Commercial Zone in order to provide for a shopping center. On July 21, 1952, the Zoning Commissioner granted the application for reclassification subject to the following restrictions: (1) that no signs other than the signs on the stores be displayed in the area; (2) that no neon signs or flood lights be employed in the area; and (3) that no amplifying system of any kind be used.

Owners of nearby properties, who protested against the shopping center, appealed from the order to the Board of Zoning Appeals. On February 10, 1953, the Board affirmed the decision of the Zoning Commissioner, holding that there is a need for a shopping center in Colonial Gardens, and that the proposed location is an appropriate one.

On March 2, 1953, William M. Temmink, William E. Steigleman and Dr. Eugene L. Pessagno, Jr., filed a petition for a writ of *certiorari* in the Circuit Court for Baltimore County to review the action of the Board. On January 19, 1954, the Circuit Court affirmed the decision of the Board. From the order of the Court the protestants appealed here.

Neither the Zoning Enabling Act of 1941 nor the amendatory Act of 1943 contained any authorization for appeal from a decision of the Circuit Court to the Maryland Court of Appeals. But in 1953 the Legislature passed an Act providing that an appeal may be taken to the Court of Appeals from any decision of the Circuit Court for Baltimore County reviewing a decision of the Board of Zoning Appeals. This Act expressly provides that the Court of Appeals in such cases shall not award costs of the appeal against any party to the appeal except the appellant. Laws 1953, ch. 634.

It is an established rule that where an application is made for reclassification of a tract of land from one zone to another, there is a presumption that the zones established by the original zoning ordinance were well planned and arranged and were intended to be more or less permanent, subject to change only when there are genuine changes in conditions. Thus, before a zoning board rezones a property, there should be proof either that there was some mistake in the original zoning or that the character of the neighborhood had changed to such an extent that reclassification ought properly to be made. *Offutt v. Board of Zoning Appeals of Baltimore County,* 204 Md. 551, 105 A. 2d 219. Where there has been no mistake in the original zoning of a parcel of land as residential, and the character of the neighborhood has not changed to such an extent as to justify rezoning the land as commercial, and the reasons given by the zoning board for the rezoning are unsupported by the facts, the rezoning order is void. *American Oil Co. v. Miller,* 204 Md. 32, 102 A. 2d 727.

In the case before us the applicant for reclassification makes no claim that the County Commissioners made a mistake in placing the three-acre parcel in a residential zone in 1945. The applicant contends that reclassification of the parcel from residential to commercial would be for the welfare of the public because there has been such a substantial change in the conditions of the neigh-

borhood that a shopping center in this area is greatly needed.

Michael Beccio, of Catonsville, president of Colonial Gardens, Inc., explained that his corporation had commenced the construction of 73 or 74 houses, some of which were completed, and that the plans call for a total of approximately 300 houses. He stated that the proposed shopping center would include 7 stores and a gasoline filling station.

In *Cassel v. Mayor and City Council of Baltimore,* 195 Md. 348, 73 A. 2d 486, this Court said that a use permitted in a small area which is not inconsistent with the use to which the larger surrounding area is restricted, although it may be different from that use, is not "spot zoning" when it does not conflict with the comprehensive plan, but is in harmony with an orderly growth of a new use for property in the locality. Generally, therefore, there is no inherent objection to the creation of small districts within a residential zone for the operation of such establishments as grocery stores, drug stores, barber shops, and even gasoline stations, for the accommodation and convenience of the residents of the residential zone.

In the present case, however, there was a sharp conflict in the testimony before the Board of Zoning Appeals as to whether there has been such a substantial change in the neighborhood and such an urgent need for a shopping center as to justify reclassification. Mr. Beccio pointed out that the population of this vicinity has grown steadily since the zone lines were established in 1945. He also told of the work his corporation has been doing in installing sanitary sewers and gas and water pipes. He claimed that the work of supplying the area with public facilities constituted an element of change in the neighborhood.

On the contrary, the protestants contended that there has not been any substantial change in the character of the neighborhood. They asserted that Colonial Gardens is a development of substantial homes and that the shopping center would depreciate the value of their properties.

They felt that the stores at "the Junction," less than a half mile away, and at the Catonsville Shopping Center and at Edmondson Village are adequate to satisfy the needs of the residents of Colonial Gardens and nearby communities.

There was also a conflict in the testimony as to whether the proposed shopping center would produce traffic jams and hazards on the streets in this area. Mr. Beccio claimed that the shopping center would not create any traffic problem on Edmondson Avenue whatever. On the contrary, the protestants claimed that the shopping center would make travel there very dangerous.

We recognize that on an appeal from a decision of a zoning board, the court should not substitute its own judgment as to the wisdom or soundness of action taken by the board, but should decide only whether or not such action was arbitrary or discriminatory. It is not the function of the court to zone or rezone, and it is only where there is no room for reasonable debate as to whether the facts justified the board in deciding the need for its action, or where the record is devoid of supporting facts, that the court is justified in declaring the action of the board arbitrary or discriminatory and therefore void. *Offutt v. Board of Zoning Appeals of Baltimore County*, 204 Md. 551, 562, 105 A. 2d 219.

However, in this case there was cogent testimony on both sides, and after the hearing the Board of Zoning Appeals asked the Baltimore County Planning Commission for its advice. The Planning Commission made a report to the Board, and apparently it was the data supplied by the Commission upon which the Board most heavily relied in reaching its decision. The Board quoted the Commission as advising (1) that a community as large as that which includes Colonial Gardens should have a commercial center, and it should not be necessary to leave the neighborhood in order to obtain food, baked goods, drugs and similar services, and (2) that Edmondson Avenue is the main thoroughfare through this section of Catonsville, and the intersection of Edmondson Ave-

nue and Lee Drive will be a focal point for the movement of traffic and a logical place for a shopping center.

The report of the Commission was not introduced in evidence either before the Board or in the Court below. Thus the protestants had no opportunity to challenge the opinion of the Commission. It must be kept in mind that the personal knowledge of the members of the Board or of some other officials upon whom they rely cannot be considered as evidence as to a change in conditions in a neighborhood or a need for reclassification. As stated in *American Oil Co. v. Miller*, 204 Md. 32, 43, 102 A. 2d 727, the question whether the action of a zoning board was arbitrary must be determined from the facts from which the conclusion was drawn, not from the conclusion itself. In reviewing the action of the zoning board, the court on appeal considers the board's action, not the opinion of its members. We will therefore reverse the order appealed from and remand the case for further hearing when the report of the Planning Commission may be introduced in evidence, and the parties may produce any further evidence and have the right of cross-examination. On *certiorari* directed to the Board of Zoning Appeals, the Circuit Court has the power to affirm the Board's decision or reverse it in whole or in part, and may remand any case for the entering of a proper order or for further proceedings as the Court shall determine. Laws 1941, ch. 247.

> *Order reversed and case remanded, the costs to be paid by appellants.*